UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARID MASHIRI,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>OCWEN LOAN SERVICING, LLC.,<br><br>　　　　　Defendant. | Case No. 12cv2838-L (MDD)<br><br>**ORDER GRANTING DEFENDANT'S MOTIONS TO COMPEL AND FOR SANCTIONS [55] AND DENYING PLAINTIFF'S MOTIONS TO TERMINATE DEPOSITION AND FOR SANCTIONS [54].**<br><br>[ECF NOS. 54, 55] |

　　　Before the Court are two Joint Motions. The first presents Plaintiff's Motions to Terminate Plaintiff's Deposition and for an Order Awarding Attorney's Fees and Costs. (ECF No. 54). The second presents Defendant's Motions to Compel Plaintiff to Attend Further Deposition, To Respond to Questions and Produce Documents, and for an Order Awarding Attorney's Fees and Costs. (ECF No. 55). Both were filed on August 21, 2014. As provided below, Defendant's Motions are GRANTED and Plaintiff's Motions are DENIED.

## Background

　　　Originally filed in Superior Court, this case was removed to this Court on November 27, 2012. (ECF No. 1). The operative pleading is

the First Amended Complaint filed on June 25, 2013. (ECF No. 18). There are fourteen federal and state causes of actions alleged. (*Id.*). In gross summary, Defendant is the current servicer of a mortgage on Plaintiff's home. All of the allegations relate to Defendant's handling of Plaintiff's mortgage including attempts to foreclose, collect the debt and modify the loan. (*Id.*). A more detailed factual summary may be found in the Order Denying Defendant's Motion to Dismiss filed on October 28, 2013. (ECF No. 29).

The instant dispute derives from the deposition of Plaintiff taken on June 25, 2014. Plaintiff seeks an order terminating the deposition asserting that counsel for Defendant asked repetitive questions which served to harass and annoy Plaintiff and presented documents not previously produced in discovery. Counsel for Plaintiff notes that Plaintiff is undergoing treatment for advanced stomach cancer and should not have to be subjected to further questioning. (ECF No. 54).

Defendant, on the other hand, seeks permission to further depose Plaintiff alleging that counsel for Plaintiff obstructed the examination and frequently instructed his client to not answer questions without justification. Defendant also asserts that Plaintiff failed to produce documents and information required at the deposition. (ECF No. 55). Both sides seek costs and fees.

## Analysis

The Court has reviewed the competing joint motions, the 185 page deposition transcript and the additional documents submitted in support of each motion. The Court agrees with Defendant that counsel for Plaintiff obstructed the examination, often testified and frequently and improperly instructed his client not to answer questions. The Court also agrees with Defendant that Plaintiff is obligated to produce

either a verified copy of voice mail communications allegedly from representatives of Defendant and stored on Plaintiff's mobile telephone or produce a verified transcript of those calls. The Court disagrees with counsel for Plaintiff that counsel for Defendant asked the same questions repeatedly so as to harass and annoy Plaintiff. To the contrary, the questioning by counsel for Plaintiff appears well within the ambit of legitimate examination of a party-opponent, particularly considering that the examination was conducted through an interpreter.

### 1. Conduct of the Deposition

Rule 30 of the Federal Rules of Civil Procedure governs depositions by oral examination. Rule 30(c)(2) relates to objections and provides, in part:

> A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).

A review of the deposition transcript reveals multiple objections with instructions not to answer by counsel for Plaintiff. (*See* ECF No. 55-5 at 14-60 (using the ECF's page numbering)). Not a single objection that the Court could find was necessary to preserve a privilege, to enforce a court-ordered limitation or to present a motion under Rule 30(d)(3). There were objections based upon privacy, based upon a claim that the question previously had been asked and answered and based upon counsel for Defendant presenting documents to Plaintiff not previously provided in discovery. For a compilation, see the letter from counsel for Defendant to counsel for Plaintiff at ECF No. 55-5 at 62-71. None of those objections justifies an instruction not to answer under Rule 30(c)(2).

Plaintiff's objections based upon privacy concerns are obviated by

the existence of a Protective Order issued in this case on August 5, 2014. (ECF No. 47). Consequently, those objections are overruled and Plaintiff must answer.

Plaintiff's objections to questions as "asked and answered" also are overruled. In the context of questioning a party-opponent, particularly through an interpreter, the examining attorney is permitted to attempt to exhaust the deponent's memory on a given topic. One of the ways to do that is to ask differently formulated questions seeking basically the same information. The transcript reflects that counsel for Defendant was using this technique and even explained that to counsel to Plaintiff. (*See* ECF No. 55-5 at 25, page 42 of the transcript). If counsel for Plaintiff believed that counsel for Defendant was asking the same question repeatedly in bad faith or to unreasonably annoy, embarrass or oppress Plaintiff, counsel's option was to move to terminate or limit the deposition under Rule 30(d)(3). Plaintiff's current motion to terminate the deposition is untimely for that purpose as Rule 30(d)(3) requires the motion be made during the deposition. Fed.R.Civ.P. 30(d)(3)(A). In any event, the Court finds that the questioning was not in bad faith and not intended to unreasonably annoy or oppress Plaintiff.

2. Document Production

Counsel for Plaintiff also instructed his client not to answer questions regarding a credit report presented to Plaintiff during his deposition. Counsel asserts that the document was required to be produced under Fed.R.Civ.P. 26 prior to the deposition justifying the instruction. Specifically, Rule 26(a)(1)(A)(ii) requires a party to disclose, without awaiting a discovery request:

> a copy . . . of all documents, electronically stored information, and tangible things that the disclosing party

> has in its possession, custody or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

First, the fact that a document presented at deposition may have been subject to earlier production is no basis to instruct a client not to answer. Second, it is unclear that this document was required to be produced by Defendant under Rule 26(a)(1)(A)(ii). It is not obvious that Defendant would use Plaintiff's credit report in support of its defenses and, if it was to do so, whether it would be solely for impeachment. And, even if the document was required to be produced earlier, the correct response was to take the time to review it and later seek relief from the court for the late disclosure.

Plaintiff's reliance on Rule 26(a)(1)(A)(ii) in this circumstance is ironic. In support of his allegations of unlawful debt collection efforts by Defendant in repeatedly calling Plaintiff's mobile telephone, it appears likely that Plaintiff would use the recordings to support his claims. If so, the recordings should have been disclosed by Plaintiff to Defendant under Rule 26(a)(1)(A)(ii) without awaiting a discovery request. In any event, Plaintiff was required to produce for deposition "all recordings or transcripts of recordings made between [plaintiff] and [defendant]." (ECF 55-5 at 9 (Request for Production 39)). Rather, Plaintiff produced the Declaration of Cal Kik, a private investigator. (ECF No. 55-5 at 84-86). Mr. Kik asserts that he listened to voice recordings left on Plaintiff's mobile phone and summarized the contents. (*Id.*). This does not satisfy the obligation to produce a copy of the recording or a transcript. Consequently, the inadequate disclosure may have been wrong on two counts.

### 3. Request for Sanctions

Both parties have requested costs and fees as sanctions for the

other's transgressions.  Fed.R.Civ.P. 30(d)(2) provides:

> The Court may impose an appropriate sanction – including the reasonable expenses and attorney's fees incurred by any party – on a person who impedes, delays, or frustrates the fair examination of the deponent.

The Court finds that counsel for Plaintiff impeded, delayed and frustrated the fair examination of the deponent.  Counsel for Plaintiff repeatedly testified, stated argumentative and suggestive objections and wrongfully instructed his client not to answer questions.  Sanctions under Rule 30(d)(2) are appropriate in this case.

Moreover, inasmuch as Defendant's motion constitutes a motion to compel under Fed.R.Civ.P. 37(a)(3)(B)(i), the granting of the motion requires the court to order the party or lawyer or both responsible for the conduct requiring the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees, unless the opposing party's nondisclosure or objection was substantially justified or other circumstances make the award unjust.  *See* Fed.R.Civ.P. 37(a)(5)(A)(ii-iii).  The Court finds that counsel for Plaintiff is responsible for the conduct necessitating the motion and that his objections and nondisclosures are not substantially justified.  The Court is unaware of any other circumstances that would make the award unjust.

According to the Declaration of Defendant's counsel, four hours were spent meeting and conferring with counsel for Plaintiff regarding the instant motion and preparing the motion and related documents.  Counsel asserts that his billing rate is $240 per hour which appears reasonable.  (ECF 55-2).  Accordingly, counsel for Plaintiff will be required to reimburse Defendant $960.00.  In addition, counsel for Plaintiff will be required to pay the costs of the further deposition limited to the cost of the reporter, the cost of the interpreter and the

cost of the deposition facility if there is a cost attending to the use of the facility.

## Conclusion

1. The Joint Motion presenting Plaintiff's Motion to Terminate Plaintiff's Deposition and For Sanctions is **DENIED.** (ECF No. 54).

2. The Joint Motion presenting Defendant's Motion to Compel Plaintiff to Attend Further Deposition; to Respond to Questions and Produce Documents; and For Sanctions is **GRANTED.** (ECF No. 55).

3. Plaintiff is **ORDERED** to appear at a further deposition for no longer than four hours at a date to be agreed upon by the parties. Although the deposition may occur later, the parties must agree on a date, time and location within seven days of the filing date of this Order.

4. Plaintiff is **ORDERED** to produce a complete and accurate copy of the voice mail recordings allegedly made to his mobile telephone by persons he believes to be representatives of Defendant no later than ten days following the filing date of this Order.

5. Counsel for Plaintiff is **ORDERED** to reimburse Defendant the sum of $960.00 representing the costs and fees for Defendant preparing and bringing ECF No. 55 no later than thirty days following the filing date of this Order.

//
//
//
//
//
//
//

6. Counsel for Plaintiff is **ORDERED** to bear the cost of the official reporter and interpreter for the further deposition of Plaintiff. Counsel for Plaintiff also is **ORDERED** to pay the cost of any facility necessary to conduct the further deposition if a cost normally would apply.

IT IS SO ORDERED.

DATED: September 15, 2014

                                        Hon. Mitchell D. Dembin
                                        U.S. Magistrate Judge